John J. Jackson Marion County Prosecuting Attorney Post Office Box 976 Hannibal, Missouri 63401
Dear Mr. Jackson:
This opinion letter is in response to your questions asking:
 1. Is Marion County required to issue notice to receive proposals to select depositaries for County Funds?
 2. If the answer to (1) is yes, what entities are entitled to submit proposals (Savings Loans or banks or thrifts, etc.); related question: 2(a) please define "banking corporations or associations" as that phrase is used in Section 110.130
RSMo.; related question: 2(b) what geographic limitations, if any, are there on entities being entitled to submit proposals; (because of the statutory language can only entities located at the County Seat submit bids or can all County entities submit bids)?
 3. Is the County required to divide the funds into equal parts as apparently required by Section 110.130, RSMo? 3(a) If the answer to (3) is yes, does that mean Marion County must receive proposals for at least two separate checking accounts, two separate money market accounts, two Certificate of Deposit, etc., OR, does Section 110.130, RSMo. allow for Certificates of Deposit to be "bid" separately, etc. 3(b) Can the County award all of its financial business to one entity or must it be awarded to at least two entities?
 4. Can the County restrict those eligible to submit proposals to banking entities in Hannibal only, or to Palmyra only, or to some accounts in Hannibal only and some accounts in Palmyra only?
 5. Must the County accept the offer with the highest interest rates, or, may the County consider other factors such as: geographic location of the financial institution (travel expense to do banking business); service charges charged by the financial institution; etc.?
Your first question asks whether Marion County is required to issue notice to receive proposals to select depositaries for county funds. Section 110.130, RSMo 1986, provides in part:
 Section 110.130. Depositaries of county funds — how selected. — 1. Subject to the provisions of section 110.030 the county commission of each county in this state, at the May term, in each odd-numbered year, shall receive proposals from banking corporations or associations at the county seat of the county which desire to be selected as the depositaries of the funds of the county. For the purpose of letting the funds the county commission shall, by order of record, divide the funds into not less than two nor more than twelve equal parts, except that in counties of the first class not having a charter form of government, funds shall be divided in not less than two nor more than twenty equal parts, and the bids provided for in sections 110.140 and 110.150 may be for one or more of the parts. [Emphasis added.]
* * *
However, Section 110.030, RSMo 1986, authorizes the selection of depositaries without advertising for bids in the following instances:
 110.030. Advertisement for bids unnecessary, when. — The various statutory provisions in relation to the advertisement for and receipt of bids and the award of the funds to the best bidder or bidders for the whole or any part of any of the public funds of the character referred to in section 110.010 shall be applicable only if and when, at the time of said advertisement and award, it shall be lawful for banking institutions to pay interest upon demand deposits, in which event such applicable statutory provisions shall be complied with; but if, at the time of the advertisement for bids or the receipt of bids or the award of funds, it shall be unlawful for depositary banks and trust companies to pay interest upon such demand deposits, the award or awards of such funds shall be made in each case, without bids and without requiring the payment of any bonus or interest, by the authority or authorities which are by statute empowered to make the awards of such funds upon bids.
In Missouri Attorney General Opinion No. 72, Mallory, 1981, a copy of which is enclosed, this office concluded that "[l]ocal school districts are not required to bid depositaries in accordance with the provisions of Chapter 165, RSMo, because it is `unlawful' for a banking institution to pay interest upon demand deposits." We stated:
 . . . 12 U.S.C. § 371a, still prohibits a member bank from paying interest on any deposit which is payable on demand. A "demand deposit" is defined as "every deposit which is not a `time deposit' or `savings deposit' as defined in 12 C.F.R. § 329.1 and 12 C.F.R. § 217.1. ". . . The federal regulations on banks and banking further support the statutory prohibition against payment of interest on demand deposits. 12 C.F.R. § 329.2(a); 12 C.F.R. § 217.2(a).
Id., p. 2. We have examined the federal provisions relied on in Opinion No. 72, Mallory, 1981, and find that the conclusion remains correct.
Therefore, in answer to your first question, we conclude that Marion County is not required to receive proposals to select depositaries for county funds based on the provisions of Section 110.130, RSMo 1986, because it is "unlawful" for a banking institution to pay interest on demand deposits.
Having concluded in answer to your first question that pursuant to Section 110.030 the various statutory provisions in relation to the advertisement for and receipt of bids and the award of the funds to the best bidder or bidders are not applicable, it is not necessary to address your remaining questions.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 72, Mallory, 1981